UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. JOHNSON,

              Petitioner,              Case No. 1:16-cv-378

v.                                            Honorable Paul L. Maloney

SHERMAN CAMPBELL,

              Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Christopher L. Johnson is presently incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility. Following jury trial in Kent County Circuit Court, on March 28, 2013, Petitioner was convicted of second-degree home invasion in violation of MICH. COMP. LAWS § 750.110. On May 1, 2013, Petitioner was sentenced as a fourth-offense habitual offender, MICH. COMP. LAWS § 769.12, to a term of imprisonment of eight to twenty-five years.

Petitioner directly appealed his conviction and sentence to the Michigan Court of Appeals raising two issues:

> I.  The trial court unlawfully deprived the Defendant of his due process, equal protection, and other protected rights under the United States and Michigan constitutions when it admitted other-acts evidence.
>
> II. The trial court unlawfully violated the United States and Michigan constitutions in sentencing the Defendant to a prison term of 8-25 years on a habitual offender 4th supplement arising out of the 2d-degree home invasion conviction.

(ECF No. 1-1, PageID.11.) Petitioner had preserved neither issue by objection in the trial court; therefore, he asked the court of appeals to review these issues for plain error or because the failure to object constituted ineffective assistance of counsel.

The court of appeals provided a concise statement of the pertinent facts and procedural history:

> The home of Nicholas Simon and Serena Norris was broken into on April 18, 2012. The perpetrator gained access to the home by kicking in two different doors, as evidenced by the broken frames and a boot mark left on one of the doors. Among the items stolen from the home were a 52–inch flat-screen television and several pieces of jewelry, including an heirloom ring with a cross on it, and a class ring. Investigation eventually led police to Jackie Sturgis, who admitted to the home invasion and implicated defendant.

At trial, Sturgis testified that she helped defendant commit the home invasion. She stated that she drove defendant to the home and saw him go around the back. Through a window she viewed defendant inside the house and then witnessed him exit the home with various items, including a large television. She thereafter drove defendant to his brother's home, where defendant lived, and helped defendant unload some of the stolen items into the garage. She then accompanied defendant to Grand Rapids, where defendant sold the television. She also, per defendant's instructions, sold the ring with a cross on it and gave defendant the proceeds.

Chet Wood, who was incarcerated with defendant while awaiting trial, testified that he and defendant spoke about the charged home invasion. Wood testified at trial that he asked defendant, "[B]ottom line, did you do it?" Defendant responded, "Yeah, but I can't tell them that." Wood also recounted a discussion with defendant in which defendant told him that "between sellin' heroin and breakin' into houses, he was gettin' about 600 bucks a day." He also testified that Defendant told him that he had female accomplices—including "some Jackie girl"—and that some of them were going to testify against him.

Another witness testified that at defendant's request he pawned a class ring that was later determined to have come from the burglarized home and gave defendant the proceeds.

The prosecution also introduced testimony from Rory Bancroft who gave testimony regarding a separate burglary linked to defendant, which bore characteristics similar to those of the charged offense. She testified that the person who broke into her home had gained access by breaking in the front door and that she had observed a large footprint on the door. At trial, the prosecution showed Bancroft several items found in defendant's brother's garage, which she identified as having been stolen in the break-in of her home.

*People v. Johnson*, 866 N.W. 2d 883, 886 (Mich. App. 2015) *vacated in part* 864 N.W. 2d 147 (Mich. 2015).  The court of appeals concluded that the testimony of Rory Bancroft was properly admitted under Michigan Rule of Evidence 404(b)(1) because the "other acts" evidence was relevant to the identification of the perpetrator; manifested a common plan, scheme, or system; and was more probative than prejudicial.  *Johnson*, 866 N.W.2d at 887-88.  Nonetheless, the court of appeals concluded the admission of the "other acts" evidence was plain error because the prosecutor had failed to provide the notice required by Michigan Rule of Evidence 404(b)(2).  Moreover, the court

of appeals concluded that Petitioner's trial counsel's "failure to object to the admission of the other acts evidence on notice grounds . . . fell below an objective standard of reasonableness and that there was no strategic reason for the failure." *Johnson*, 866 N.W.2d at 890. Despite the error and counsel's ineffective assistance, the court of appeals affirmed because of "the overwhelming and unrebutted affirmative evidence of defendant's guilt, independent of the other acts evidence . . . ." *Johnson*, 866 N.W.2d at 890.

The court of appeals determined that Petitioner's second issue was without merit. The court found that Petitioner's sentence was within the recommended range under the legislative guidelines and, therefore, was neither cruel nor unusual punishment. *Id.* at 891. The court also rejected as meritless Petitioner's claim that the sentence was based on incomplete or inaccurate information as well as his claim that counsel was ineffective for failing to raise these objections at sentencing. *Id.* at 891-892.

Petitioner sought leave to appeal the court of appeals decision in the Michigan Supreme Court. That court denied leave to appeal with regard to the court of appeals decision as to the second issue; however, with regard to the "other acts" evidence issue, in lieu of granting leave the Michigan Supreme Court vacated the decision but noted that "to the extent there was any plain error in the admission of this challenged evidence under MRE 404(b), it did not require reversal because the other evidence of the defendant's guilt was overwhelming." *Johnson*, 864 N.W. 2d at 147.

Petitioner filed his petition for writ of habeas corpus in this Court on April 12, 2016, raising the same two issues he raised on direct appeal in the state courts.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

I. The admission of other acts evidence is not a federal habeas issue

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

As the Supreme Court explained in *Estelle*, 502 U.S. 62, an inquiry into whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that

the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner has not met this difficult standard.

There is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence. In *Estelle*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. The Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512.

Because there was no constitutional violation in the admission of the evidence at issue here, the state court decision was "far from" an unreasonable determination of the facts in light of the evidence presented. *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001); *see also Bugh*, 329 F.3d at 512.

Furthermore, evidence that Petitioner was involved in a similar incident did not render his trial fundamentally unfair because the jury could have disregarded the evidence of

Petitioner's prior acts and, nonetheless, found him guilty. As the state court found, even if the trial court erred in admitting the prior acts evidence, the evidence was not outcome determinative. The other evidence of Petitioner's guilt, including his own admission, was overwhelming. The admission of "other acts" evidence was not fundamentally unfair and did not deprive Petitioner of a fair trial. Accordingly, the state appellate court's conclusion that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts or in a decision that was contrary to Supreme Court precedent.

II. Petitioner's sentence did not violate the constitution.

To the extent Petitioner intends to suggest that his sentence was disproportionate under *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990), he fails to raise a cognizable habeas claim. In *Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 131 S. Ct. at 14; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Thus, Petitioner's claim based on *Milbourn* is not cognizable in a habeas corpus action.

Moreover, Petitioner's claim that his sentence was disproportionate under the Eighth Amendment is without merit. The United States Constitution does not require strict proportionality

between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of

equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley*, 465 U.S. at 50). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner fails to identify any facts found by the court at sentencing that were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner states only that the trial court did not adequately consider mitigating factors including his rehabilitative potential. Even accepting Petitioner's position as true, his minimum sentence still fell within the sentencing guidelines range. But this Court may not accept Petitioner's position as true. The court of appeals found that the sentencing court reviewed the entire Presentence Investigation Report including the mitigating information contained therein. Accordingly, Peitioner's objection to his sentence falls far short of the sort of egregious circumstances implicating due process.

The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting

*Bradshaw*, 546 U.S. at 76). As Petitioner has framed the issue, it simply cannot be said that the state court's rejection of Petitioner's claim was based on an unreasonable determination of the facts or was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   May 17, 2016              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge